UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARIFF ABBAS,

                Plaintiff,

    v.                             **DECISION AND ORDER**
                                          10-CV-141S

UNITED STATES OF AMERICA,

                Defendant.

## I. INTRODUCTION

In this action, *pro se* Plaintiff Shariff Abbas asserts medical-malpractice claims against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2679(a), stemming from his detention at the Buffalo Federal Detention Facility in Batavia, New York.  (Docket No. 6.)  The government moves to dismiss Plaintiff's claims for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (Docket No. 12.)  Plaintiff seeks a change of venue to the Southern District of New York.[1]  (Docket No. 17.)  For the reasons stated below, this Court lacks subject-matter jurisdiction because Plaintiff failed to exhaust his administrative remedies.   The government's motion must therefore be granted.

## II. DISCUSSION

The plaintiff, as the party seeking to invoke the court's jurisdiction, bears the burden of demonstrating proper subject-matter jurisdiction.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); Scelsa v. City Univ. of

---

[1]Plaintiff originally commenced this action in the Southern District of New York, which then transferred the case here under 28 U.S.C. §§ 1402(b) and 1406(a) upon its finding that a substantial part of the acts or omissions giving rise to the complaint occurred at the Buffalo Federal Detention Center, which is located in the Western District of New York.

N.Y., 76 F.3d 37, 40 (2d Cir. 1996).  In turn, a defendant may assert lack of subject-matter jurisdiction as a defense under Rule 12(b)(1), which permits dismissal of an action if the "district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

The FTCA provides a limited waiver of the sovereign immunity enjoyed by the United States.  The United States may be held liable in tort when employees acting within the scope of their employment are negligent in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).

But "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).  By statute, an FTCA claim must be "presented in writing to the appropriate Federal agency" within two years after the claim accrues.  See 28 U.S.C. § 2401(b).  By regulation, a claim is deemed presented "when a Federal agency receives from a claimant . . . written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident."[2]  28 C.F.R. § 14.2.  This exhaustion requirement is jurisdictional; it therefore cannot be waived.  Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005).

Here, Plaintiff relies on two letters that he sent to the government as written notice

---

[2]The presentment requirement is designed to allow the government to investigate a claimant's allegations and assess the value of the claimant's claim, if any.  See Romulus v. United States, 160 F.3d 131, 132 (2d Cir. 1998) (per curiam).

of his claims.  (Amended Complaint, Docket No. 6, p. 1.)  Plaintiff sent the first letter to the Department of Homeland Security in September 2006.  (Docket No. 14-3, pp. 2-9.)  Therein, Plaintiff complained of assault, discrimination, false arrest, denial of medical treatment, and other violations.  (Id.)  Plaintiff, did not, however, make a claim for money damages in a sum certain, but rather, requested only "legal assistance." (Docket No. 14-3, p. 5.)

Plaintiff sent a second letter to the Department of Homeland Security in October 2006.  (Docket No. 14-4, pp. 2-16.)  Therein, Plaintiff complained about his conditions of confinement at the Buffalo Federal Detention Facility, including poor medical treatment. (Id.)  Again, however, Plaintiff did not demand money damages in a sum certain, but rather, requested "some legal [a]ction on his behalf."  (Docket No. 14-4, p. 9.)  While the government acknowledged receipt of Plaintiff's letters and investigated his allegations, it did not construe the letters as FTCA claims, nor does the government have any record of a proper FTCA claim filed by Plaintiff.  (Docket No. 14-2, ¶ 2.)

Although this Court previously found that the timing of these letters and the government's responses thereto would not bar a FTCA claim on statute of limitations grounds, see Decision and Order, Docket No. 5, satisfaction of the statutory presentment requirement was not before this Court on initial screening under 28 U.S.C. § 1915(e)(2)(B). Now upon closer examination of subject-matter jurisdiction, however, it is evident that Plaintiff's letters do not satisfy the present requirement, because they fail to make a claim for money damages against the government in a sum-certain amount.  See 28 C.F.R. § 14.2.  Nowhere does Plaintiff demand monetary damages, let alone in a sum certain amount.  This case must therefore be dismissed for lack of subject-matter jurisdiction due

to Plaintiff's failure to exhaust his administrative remedies.  <u>Donahue v. U.S. Transp. Sec. Admin.</u>, 457 F. Supp. 2d 137, 141 (E.D.N.Y. 2006) ("Because the FTCA embodies a waiver of sovereign immunity for the United States, compliance with the presentment requirement is jurisdictional in nature, strictly construed, and not subject to waiver.") (citing <u>Johnson v. Smithsonian Inst.</u>, 189 F.3d 180, 189 (2d Cir. 1999) and <u>Keene Corp. v. United States</u>, 700 F.2d 836, 842 (2d Cir. 1983)).

### III. CONCLUSION

For the foregoing reasons, this Court finds that Plaintiff's amended complaint must be dismissed for lack of subject-matter jurisdiction.  Because Plaintiff's amended complaint will be dismissed, his request to change venue is moot.

### IV.  ORDERS

IT HEREBY IS ORDERED, that the government's Motion to Dismiss for lack of subject-matter jurisdiction (Docket No. 12) is GRANTED.

FURTHER, that Plaintiff's Motion to Change Venue (Docket No. 17) is DENIED as moot.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:      September 27, 2015
            Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M.  SKRETNY
                                        United States District Judge