UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARIFF ABBAS,

            Plaintiff,

     v.

UNITED STATES OF AMERICA,

            Defendant.

**DECISION AND ORDER**
10-CV-141S

## I. INTRODUCTION

Under consideration is whether this case should be dismissed *sua sponte* for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. Because Plaintiff has failed to comply with this Court's orders and failed to respond to Defendant's Motion to Dismiss, this case will be dismissed.

## II. BACKGROUND

Plaintiff Shariff Abbas initially commenced this *pro se* action against Defendant United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.* by filing a complaint in the Southern District of New York ("SDNY") on December 11, 2009. (Docket No. 4.) The SDNY Court determined that proper venue was the Western District of New York and transferred the matter on February 5, 2010. Id. at 3-4.

By his Complaint, which named the United States of America as the sole defendant, Plaintiff alleged medical malpractice claims and other violations of his rights during periods of immigration-related detention at the Buffalo Federal Detention Facility ("BFDF") in Batavia, New York, the Albany County Jail, and the Perry County Correctional

1

Facility in Uniontown, Alabama. (Docket No. 4 at 5-35.)

The Court screened Plaintiff's Complaint twice under 28 U.S.C. § 1915(e)(2)(B), narrowing his claims and dismissing purported Bivens claims for failure to comply with Rule 10(a). (See Docket Nos. 5, 7.)

Plaintiff successfully appealed the dismissal of his Bivens claims to the Second Circuit, after which this Court directed Plaintiff to file a Second Amended Complaint with specific instructions. (See Docket Nos. 27, 31.)

Plaintiff filed a Second Amended Complaint as directed, but did not fully follow this Court's instructions. (Docket No. 32.) As a result, this Court again dismissed claims and defendants upon screening and afforded Plaintiff another opportunity to remedy the defects in his pleading. (See Docket No. 35.)

After unsuccessfully appealing to the Second Circuit, Plaintiff failed to file a Third Amended Complaint, despite having been granted several opportunities to do so. (See Docket No. 41.) Defendant thereafter filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (Docket No. 44.)

The Court directed Plaintiff to respond to Defendant's motion by May 3, 2019, but Plaintiff failed to respond. (Docket No. 47.) Consequently, on May 15, 2019, Defendant filed a Notice of No Reply and asked this Court to dismiss the action. (Docket No. 48.)

This Court thereafter *sua sponte* extended the time for Plaintiff to respond, this time directing him to respond by June 18, 2019, and warning him that his failure to respond as directed could result in dismissal of the action. (Docket No. 49.) Plaintiff again failed to respond.

This Court again extended Plaintiff's time to respond on August 2, 2019, this time

directing Plaintiff to respond to the government's motion by August 16, 2019. (Docket No. 50.) Once again, this Court warned Plaintiff that his failure to respond could result in dismissal of his case. Id. Once again, Plaintiff failed to file any response.

To date, Plaintiff has not filed a response to Defendant's Motion to Dismiss or taken any other action in furtherance of this litigation.

### III. DISCUSSION

**A. Rule 41(b)**

Dismissal of this case is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

Dismissal pursuant to Rule 41(b) falls within the court's discretion. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982); see also Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) ("Dismissal pursuant to Rule 41(b) for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court").

Even where a defendant has not specifically moved for dismissal under Rule 41(b), a court may nonetheless order dismissal *sua sponte*[1]. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1982); Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, *sua sponte*, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)") (citing Lyell Theatre, 682 F.2d at 42-43).

However, dismissal for failure to prosecute is "a harsh remedy that should be

---

[1] Here, Defendant requested dismissal of this matter in its Notice of No Reply. (Docket No. 48.)

3

utilized only in extreme situations." Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (internal quotation marks omitted). Moreover, "*pro se* plaintiffs should be granted special leniency regarding procedural matters." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

Thus, the Second Circuit has provided "guiding rules" to be used by the trial court when determining whether dismissal under FRCP Rule 41 is appropriate. United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). The following five factors, none of which are dispositive, must be considered: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. See id.; see also Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994). In the instant case, each of these factors weigh in favor of dismissal.

### 1. Duration of Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute; and (2) whether the plaintiff's failures were of significant duration. See Norden Sys., 375 F.3d at 255.

In this case, Plaintiff is solely at fault for failing to prosecute. He has failed to comply with this Court's orders on multiple occasions and instead of taking the opportunity to file a third amended complaint, he filed an interlocutory appeal that this Court determined was not taken in good faith. (Docket No. 39.) Plaintiff never filed a third

4

amended complaint as ordered, and on April 3, 2019, Defendant filed a Motion to Dismiss the Second Amended Complaint. (Docket No. 44.)

In the six months since Defendant filed its Motion to Dismiss, Plaintiff has ignored three separate scheduling orders from this Court directing him to file a response and warning of the consequences for failing to do so. (Docket Nos. 47, 49, 50.) In fact, Plaintiff has not taken any action in this case in almost 18 months.

This is a failure of significant duration. See, e.g., Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal). Thus, this Court finds that this factor weighs in favor of dismissal. All delay in this case is attributable to Plaintiff and is of significant duration.

**2. Notice of Dismissal**

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001). In the present case, Plaintiff has been given sufficient notice that his failure to proceed with this action could result in dismissal. This Court twice explicitly warned Plaintiff that his failure to file a response to Defendant's motion could result in this case being dismissed for failure to prosecute or Defendant's motion being granted as unopposed. (Docket Nos. 49, 50.) Because Plaintiff was given adequate notice that his case could be dismissed, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

### 3. Prejudice to Defendant

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he risked dismissal of his claims. Id. at 39. Under Lyell Theatre, the prejudice to Defendant in this case may be presumed. The delay has been significant; it has been six months since Defendant filed its Motion to Dismiss. Thus, this factor weighs in favor of dismissal.

### 4. Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)).

Plaintiff's inaction caused this Court to issue several orders. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

This Court further notes that Plaintiff has been afforded Due Process rights in that he has been provided numerous opportunities to prosecute this case and comply with the

orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Here, neither a fine nor other sanctions short of dismissal would be appropriate, since Plaintiff has no ability to pay a fine and has openly demonstrated a disregard for this Court's orders despite ample notice of the possible consequences and multiple deadline extensions.

Upon reviewing the entire record in this case, it is this Court's opinion that Plaintiff has no intention of pursuing this matter further and thus, no intention to comply with this Court's orders. Consequently, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

orders of this Court. Thus, Plaintiff's own failure to litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Here, neither a fine nor other sanctions short of dismissal would be appropriate, since Plaintiff has no ability to pay a fine and has openly demonstrated a disregard for this Court's orders despite ample notice of the possible consequences and multiple deadline extensions.

Upon reviewing the entire record in this case, it is this Court's opinion that Plaintiff has no intention of pursuing this matter further and thus, no intention to comply with this Court's orders. Consequently, this Court finds that any sanction short of dismissal would be ineffective. See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders). Thus, this final factor also weighs in favor of dismissal.

Accordingly, this Court finds that dismissal of this case is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

**B. Local Rule 7(a)(2)(A)**

Alternatively, this Court finds it proper to grant Defendant's Motion to Dismiss under Local Rule 7(a)(2)(A), which provides that:

> upon any motion filed pursuant to Federal Rules of Civil Procedure 12, 56 or 65(a), the moving party shall file and serve a memorandum of law and the opposing party shall file and serve an answering memorandum. *Failure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party.*

Local Rule 7(a)(2)(A) (emphasis added).

Plaintiff's repeated failure to respond to Defendant's motion, which has been pending for six months, warrants granting Defendant's Motion to Dismiss as uncontested pursuant to Local Rule 7(a)(2)(A).

## IV. CONCLUSION

Mindful of the fact that cases brought by *pro se* plaintiffs should not readily be dismissed for procedural deficiencies, this Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies and constitute actual neglect. Plaintiff has failed to diligently prosecute this action and has failed to comply with orders of this Court. As such, because each of the factors relevant to the Rule 41(b) analysis favor dismissal, this Court will dismiss this case. Alternatively, Defendant's Motion to Dismiss is granted as uncontested pursuant to Local Rule 7(a)(2)(A).

IT HEREBY IS ORDERED, that this case is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, and alternatively, that Defendant's Motion to Dismiss (Docket No. 44) is GRANTED as uncontested pursuant to Local Rule 7(a)(2)(A).

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:	October 4, 2019
	Buffalo, New York

                                                          <u>s/William M. Skretny</u>
                                                          WILLIAM M. SKRETNY
                                                      United States District Judge